Per Curiam.

In People v. Huntley (15 N Y 2d 72), this court explicitly held — and we adhere to that holding — that, when a defendant raises an issue as to the voluntariness of his confession, trial courts are to follow ‘ ‘ the so-called Massachusetts procedure * * * 'under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused ’ and has made express findings upon the disputed fact question of voluntariness ” (p. 78). In the present case, the Trial Judge adopted the orthodox ruling, in which the court alone and finally resolves the question of voluntariness. However, since the trial was conducted and *937 concluded before Huntley was decided, and after the Supreme Court, in Jackson v. Denno (378 U. S. 368), had indicated that the orthodox rule satisfies due process requirements (pp. 378-379), we will not stamp as error the Trial Judge’s application of that rule, particularly since counsel for the defense acquiesced in the procedure followed.
We have considered the other contentions advanced by the defendant and find them without merit.
The judgment appealed from should be affirmed.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur; Judge Breitel concurs in result.
Judgment affirmed.